IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No.  06-10217-01 |
| ) | |
| JUNIAN JOHNSON, ) | |
| ) | |
| Defendant. ) | |

FILED
APR 1 0 2007
RALPH L. DELOACH, CLERK
By _____ Deputy

## SENTENCING ORDER

On April 9, this matter came on for sentencing. The parties appeared by counsel. The court ascertained that defendant had had an opportunity to review the presentence report, that he had no changes or corrections and that he was satisfied with the services of his counsel.

The court took up its Fed. R. Crim. P. 32(h) letter to counsel dated March 29, 2007. The court then reviewed defense counsel's letter of April 8, 2007 and the letter of Bridget L. Smith, defendant's sister, dated April 6, 2007. The court also heard the statements and arguments of counsel and offered defendant the opportunity to make a statement, which defendant declined.

For the reasons set forth in its March 29 letter, the court varied from the advisory guideline sentence of 30 to 37 months and imposed a sentence of eight years. The court found that an eight year prison sentence will be sufficient, but not greater than necessary, to comply with the provisions of 18 U.S.C. § 3553(a)(2). The court incorporates by reference its statements made in open court and, in addition, the following exhibits:

1. Letter to counsel of March 29, 2007;
2. U.S. Probation Officer Lori Hase's memorandum of March 29, 2007;
3. Jeff Griffith's letter of April 8, 2007;
4. Bridget Smith's letter of April 6, 2007; and
5. Pages 7-28 of defendant's presentence report (to be filed under seal).

IT IS SO ORDERED.

Dated this __10th__ day of April 2007, at Wichita, Kansas.

Monti L. Belot
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**MONTI L. BELOT**
Judge

March 29, 2007

111 U.S. Courthouse
401 N. Market
Wichita, Kansas 67202
(316) 269-6519

ALL COUNSEL OF RECORD

    Re: United States v. Johnson, Case No. 06-10217-01

Dear Counsel:

    This case is set for sentencing on April 9. After reviewing the presentence report and discussing the matter with Ms. Hase, I have concluded that the 30-37 month advisory guideline sentence may be inadequate and, pursuant to Fed. R. Crim. P. 32(h), you are notified that I am contemplating a greater sentence.

    You are aware of the numerous and recent Tenth Circuit decisions which discuss the concepts of departure and variance. According to United States v. Atencio, 476 F.3d 1099 (10th Cir. 2007), a sentence above the recommended advisory guideline range determined through application of chapters 4 and 5 of the advisory guidelines is a "departure." A sentence enhanced from the recommended range through application of 18 U.S.C. § 3553(a) factors is a "variance." For the following reasons, I believe that a sentence greater than that called for under the advisory guidelines may be justified under either or both definitions.

    Turning first to a departure, I believe that defendant's criminal history category VI substantially under-represents the seriousness of his criminal history or the likelihood that he will commit other crimes. In that regard, I asked the probation office to calculate a departure according to the requirements of § 4A1.3(a)(4). Ms. Hase believes I could depart upward to an advisory guideline range of 51-63 months.

    Now turning to a variance, and in an effort to impose a sentence sufficient, if not greater than necessary to comply with the statute, I have considered the following: the charge of which defendant stands guilty, felon in possession of a firearm, is serious, even when viewed in isolation. It is far more serious because the unchallenged record shows that since age 15 (defendant is now 30), defendant has been convicted of five firearm-related offenses. In addition, since age 15, defendant has been arrested on at least five occasions on charges relating to firearms. Of course, defendant has convictions and arrests for other offenses, as well. It is abundantly clear that defendant has no respect for the law and that his numerous and serious past involvements with the criminal justice system have done nothing to deter his criminal conduct. A 37 month sentence called for by the advisory guidelines is not sufficient to protect the public from further crimes of the

United States v. Johnson
March 29, 2007
Page Two


defendant. To the extent it is relevant, it is conceivable that defendant may benefit from extended incarceration which allow him to obtain needed educational or vocational training, particularly in view of the fact that by his own admission, he has never held employment for any substantial period of time. Incarceration is the only kind of sentence available under the circumstances and I am not aware of any sentence disparity which would result from a sentence greater than that available under a guideline calculation.

  Please file any comments you may have with respect to this letter on or before April 6.

            Very truly yours,

            Monti L. Belot

MLB/sw

cc: Lori Hase



# MEMORANDUM

**To:** Honorable Monti L. Belot
U.S. District Judge

**From:** Lori Hase
U.S. Probation Officer

**Reviewed:** Steven D. Kohman
Supervising U.S. Probation Officer

**Re:** **JUNIAN JOHNSON**
**Docket No.: 6:06CR10217-001**

**Date:** March 29, 2007

In accordance with U.S.S.G. § 4A1.3(a)(4)(B), I extrapolated those aspects of Junian Johnson's criminal history which are not accounted for in the current calculations as set forth in the presentence investigation report. To achieve this, pursuant to U.S.S.G. § 4A1.3(a)(2)(A), I assigned one criminal history point to his conviction January 5, 1995, for Transporting a Loaded Firearm in Tulsa County, Oklahoma District Court Case Number CM-94-1901, for which he received a one year suspended prison sentence. This case was not a countable case under U.S.S.G. § 4A1.2(e)(2) because it does not fall in the applicable time period of having been sentenced within ten years of Mr. Johnson's commission of the instant federal offense.

Mr. Johnson also has three prior instances of arrest for similar criminal conduct (Criminal Discharge of a Firearm at an Occupied Vehicle, Felon in Possession of a Firearm, and Unlawful Discharge of a Firearm) as outlined in the other arrests section of the presentence investigation report, which did not result in criminal convictions. I have assigned one criminal history point to each of these instances pursuant to U.S.S.G. § 4A1.3(a)(2)(E).

Further, Mr. Johnson committed the instant offense while under parole supervision, and in the time period of less than two years following his release from Kansas Department of Corrections custody on three separate Sedgwick County District Court Cases: 03CR86; 03CR690; and 03CR1192. A total of three points were added in the presentence report for this, however, if he were to get three points for each case for which he were on parole and less than two years after release, an additional six points would be added to his criminal history calculation.

As is calculated in the presentence investigation report, Mr. Johnson currently has a total of nineteen (19) criminal history points. If ten additional points were added as explained above, his total criminal history points would become twenty-nine (29). Utilizing the sentencing table at U.S.S.G. Chapter Five, and continuing with the extrapolation method, a Criminal History

Page 2
Junian Johnson

Category of VI would include 13, 14, or 15 points. Moving incrementally down the sentencing table as set forth in U.S.S.G. § 4A1.3(a)(4)(B), I have applied an additional offense level for each three criminal history points beyond the maximum 15 points for a Category VI. The defendant has a total of 29 criminal history points based on the extrapolation method. Therefore, a move of five (5) levels incrementally down the sentencing table is appropriate.

The defendant currently has a total offense level of twelve (12). Utilizing the extrapolation method, adding five levels would result in a total offense level of seventeen (17). A total offense level of 17 coupled with a criminal history category of VI would produce a guideline range of 51-63 months.

# GRIFFITH & GRIFFITH

ATTORNEYS AT LAW
111 SOUTH BALTIMORE
P.O. BOX 184
DERBY, KANSAS 67037
(316) 788-1551
Jlgriffithlaw@aol.com

JERRY L. GRIFFITH (RETIRED)
JEFF GRIFFITH

FAX NO.
(316) 788-2371

4/8/2007

Hon. Monti L. Belot
United States Courthouse
Wichita, Kansas

RE: USA vs. Junian Johnson ~ Case No 06-M-6142

Dear Judge Belot,

I am writing in response to your March 29th letter in the above referenced case indicating your contemplation of a sentence greater than the advisory guideline range. My client and I believe a guideline sentence would be appropriate and object to a greater sentence for the reasons set out in this letter.

There is no question that you, as sentencing judge, have the authority to sentence Junian to a sentence outside the advisory guideline range through either a departure or variance, as correctly set out in your letter. You have indicated your intent based upon Junian's criminal history, which consists primarily of weapons and drug violations. However a close examination of Junian's prior convictions reveals that, while his criminal history points are substantial, the crimes of conviction are relatively minor. Two of his state court felony drug convictions, the 2002 cocaine possession and the 2003 marijuana possession, would have been misdemeanors under the federal system. And although Junian has numerous weapons violations, he has never been accused, charged or convicted of using a weapon against another.

Junian's frequency of criminal conduct can be viewed as indicating a lack of respect for the law, but it can also rightfully be viewed as a reflection of Junian's environment, the friends and extended family members he has associated with since his teenage years. Ms. Hase and I both agreed, after Junian's presentence interview, that Junian had no real future as a law abiding citizen as long as he remains in the Wichita area. That is why my client and I believe a more appropriate sentence would be a guideline range of imprisonment followed by a supervised release in Omaha, Nebraska, where Junian's sister lives and is well established, and Junian could reside and attempt to start anew.

For this reason it would be more appropriate to sentence Junian to a shorter imprisonment and a longer supervised release in Omaha to help insure a realistic opportunity for Junian to shake loose of the social impediments he has struggled with all his life here in Wichita, and start a new life in a new setting, away from all of the negative influences he has dealt with here.

Lastly, I don't believe that Junian's needed educational or vocational training, as indicated in the last paragraph of your letter, is a valid ground for extended incarceration. (See, *United States vs. Manzella*, 475 F3d 152 (10th Cir. [3rd Cir.] 2007)  Please consider sentencing Junian to the guideline range as determined by Ms. Hase and as recommended by the U.S. Attorney, thereby giving Junian a true reduction in his guideline range for his acceptance of responsibility, instead of a sentence which would be higher than his guideline sentence had he refused to accept responsibility and taken his case to trial.  A sentence as suggested in this letter would best serve the interests of Junian and the general public and would adequately meet those factors required to be considered by 18 U.C.C. § 3553(a).

                                      Respectfully submitted,

                                      s/Jeff Griffith
                                      Jeff Griffith, # 11218
                                      Griffith & Griffith
                                      Attorneys at Law
                                      111 S. Baltimore
                                      P O Box 184
                                      Derby, KS  67037
                                      (316) 788-1551
                                      Attorney for Defendant

April 6, 2007

To Whom It May Concern:

My name is Bridget Smith. I am Junian Johnson's sister that lives in Omaha, Nebraska. I moved to Omaha five years ago to get a fresh start in life. I am a single mother raising my son. I graduated from a community college here in Nebraska in 2005. I am employed full-time at Kinder Morgan, which I've been at for the last two years.

The reason for this letter is to explain to the court and Judge that my brother, Junian Johnson, needs to get a fresh start in life. He has been in and out of jail since I was a little girl for petty things. We have always been close to each other. I believe Junian deserves a chance to change his life around by moving to Nebraska instead of spending his time in incarcerated. There are so many opportunities for him here. He could finish college and find a good paying job.

Wichita is not a place for my brother, neither is jail. Since I can remember, Junian has spent his birthdays in jail, time away from his children, and his immediate family. I always believed in my brother, and that people can change. He is one of them that can change with my help and support. He has done no harm to anyone, but to himself by being away from his family for so long. When Junian calls me, all we talk about is how it would be if he would move here to Nebraska so he could start over. He can't do any of that if the court and Judge keep him locked away. How can he improve himself to the society while in jail?

Junian would be able to improve his life style by living in Nebraska. He could stay off the streets, attend college, and find a job. He would also have the opportunity to get to know his children better. If the court and Judge decide to send him back to Wichita, KS when he gets out, he would end up in more trouble or even worse, dead. Our family doesn't want to loose another family member because of gang violence.

Please take this letter into consideration by letting my brother, Junian Johnson, improve his life style, not only towards the court system, but also for his family, by moving him to Omaha, Nebraska.

Sincerely,

*Bridget L Smith*

Bridget L. Smith
2617 Hamilton St
Omaha, NE 68131
(402) 884-6653

# Exhibit 5

# Filed Under Seal